1  Eric D. Ridley [SBN 273702]
2  Law Offices of Eric Ridley
3  567 W. Channel Islands Blvd. #210
   Port Hueneme, CA 93041
4  (805) 244-5291
   ridley.eric@gmail.com
5  Attorney for Plaintiff Janice Kruschen
6
7             **UNITED STATES DISTRICT COURT**
8             **CENTRAL DISTRICT OF CALIFORNIA**
                     **WESTERN DIVISION**
9
10

| | |
|---|---|
| JANICE KRUSCHEN, an individual, *Plaintiff* v. VITAL RECOVERY SERVICES, INC., a Georgia corporation, *Defendant* | Case No.: CV 13-01808-JEM **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** (Unlawful Debt Collection Practices) Judge: Dept.: Trial Date: |

FILED 2013 MAR 13 PM 2:22 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES  BY ___

     COMES NOW Plaintiff JANICE KRUSCHEN, an individual, and for causes of action against Defendant, alleges as follows:

                    **INTRODUCTION & BACKGROUND**

1.  Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* (TCPA).
2.  Among its provisions, the TCPA precludes any person from making a call using an automatic telephone dialing system or an artificial or prerecorded voice to a cellular phone or pager without the prior express consent of the party to be called. *47 U.S.C. § 227(b)(1)(A)(iii).*

**File By Fax**

3. The TCPA further precludes the use of an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. *47 U.S.C. § 227(b)(1)(B)*.

4. The TCPA is a strict liability statute. **Each call in violation of the statute** is subject to a $500.00 penalty. *47 U.S.C. § 227(b)(3)(B)*.

5. If the caller willfully or knowingly violates the statute, then each statutory penalty can be trebled. *47 U.S.C. § 227(b)(3)*.

6. Count II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* (FDCPA).

7. Count III of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788 et seq.* (RFDCPA).

## JURISDICTION AND VENUE

8. **Jurisdiction**

Jurisdiction of this court arises pursuant to *47 U.S.C. § 227(e)(6)(E)(i)*, which states that such actions may be brought and heard before "a district court of the United States"

9. **State Claims**

*28 U.S.C. § 1367* grants this court supplemental jurisdiction over the state claims contained therein.

10. **Defendant**

Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

11. **Venue**

Venue is proper pursuant to *28 U.S.C. § 1391(b)(2)*.

12. **Declaratory Relief**

Declaratory relief is available pursuant to *28 U.S.C. § 2201* and *§ 2202*.

File By Fax

## PARTIES

13. Plaintiff is a natural person and is a citizen of the state of California, residing within the federal Central District.

14. Plaintiff is a consumer as that term is defined by *15 U.S.C. § 1692a(3)*.

15. Defendant is a debt collector as that term is defined by *15 U.S.C. § 1692a(6)* and *Cal Civ. Code §1788.2(c)*.

16. On information and belief, Defendant is a company with its headquarters in Norcross, Georgia.

17. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

18. On August 17, 2012, at 10:17:05 a.m. PST, Defendant placed an automated outbound telephone call to Plaintiff, using an artificial or prerecorded voice, disclosing that a third party allegedly owes a debt to Plaintiff [Exhibit A].

19. On August 20, 2012, at 9:08:18 a.m. PST, Defendant placed an automated outbound telephone call to Plaintiff, using an artificial or prerecorded voice, disclosing that a third party allegedly owes a debt to Plaintiff [Exhibit A].

20. On August 21, 2012, at 9:06:08 a.m. PST, Defendant placed an automated outbound telephone call to Plaintiff, using an artificial or prerecorded voice, disclosing that a third party allegedly owes a debt to Plaintiff [Exhibit A].

21. On August 22, 2012, at 8:41:15 a.m. PST, Defendant placed an automated outbound telephone call to Plaintiff, using an artificial or prerecorded voice, disclosing that a third party allegedly owes a debt to Plaintiff [Exhibit A].

22. On August 23, 2012, at 8:43:08 a.m. PST, Defendant placed an automated outbound telephone call to Plaintiff, using an artificial or prerecorded voice, disclosing that a third party allegedly owes a debt to Plaintiff [Exhibit A].

**File By Fax**

23. On August 24, 2012, at 1:38:57 p.m. PST, Defendant placed an automated outbound telephone call to Plaintiff, using an artificial or prerecorded voice, disclosing that a third party allegedly owes a debt to Plaintiff [Exhibit A].

24. On August 27, 2012, at 9:39:06 a.m. PST, Defendant placed an automated outbound telephone call to Plaintiff, using an artificial or prerecorded voice, disclosing that a third party allegedly owes a debt to Plaintiff [Exhibit A].

25. The Plaintiff has retained the undersigned counsel and is entitled to recovery of her reasonable attorney's fees in prosecution of this action.

### COUNT I

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 ET SEQ.

26. Congress first passed the Telephone Consumer Protection Act, *47 U. S. C. § 227 Et Seq.* (TCPA) in 1991 in response to consumer concerns about the growing number of unsolicited telephone marketing calls to their homes and the increasing use of automated and prerecorded messages.

27. The TCPA imposes restrictions on the use of the telephone network–both landline and wireless–for unsolicited advertising and other calls by telephone and facsimile.

28. The Act prohibits certain categories of calls made using an automated telephone dialing system and/or prerecorded calls to wireless numbers including SMS/text message calls.

29. The TCPA also prohibits non-emergency commercial calls to residential lines using an artificial or prerecorded voice without the recipients' prior written consent.

30. The Telephone Consumer Protection Act (TCPA) holds, in relevant part at 47 U. S. C. §226(b)(1)(B):

> "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States .... to

> initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the party...."

31. The TCPA is a strict liability statute.

32. Plaintiff never gave express consent for Defendant to contact her.

33. Plaintiff never gave express consent for Defendant to to use an artificial or prerecorded voice in communicating with her, or to deliver a message.

34. Defendant violated § 227(b)(1)(B) of the TCPA by repeatedly initiating automated telephone calls to an IP-enabled voice service telephone line, using a prerecorded voice to deliver a message, without the prior express consent of the Plaintiff.

## COUNT II
### DEFENDANT VIOLATED
### THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 ET SEQ.

35. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

36. The FDCPA was enacted to "eliminate" a number of activities and conduct on the part of debt collectors such as " abusive debt collection practices by debt collectors . . . and . . . to protect consumers against debt collection abuses." *15 U.S.C. § 1692(e).* To that end, the FDCPA holds, in relevant part, that,

> "any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
> (2) not state that such consumer owes any debt;

File By Fax

5242-031230035 2013031213:52 <No Field> Page 7 of 16

> *(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information"* 15 U.S.C. § 1692(b)

The FDCPA, *inter alia*, also states that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "may not use unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

37. Defendant knowingly, intentionally and deliberately routinely engaged in numerous acts or omissions prohibited by the FDCPA, including, but not limited to:

38. Defendant violated *§ 1692d(5)* of the FDCPA by "causing a telephone to ring...repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

39. The foregoing acts of Defendant constitute violations of the FDCPA.

40. Accordingly, as a direct and proximate result of Defendants' outrageous conduct and acts, the Plaintiff suffered both emotional and economic losses; Defendant's conduct has caused Plaintiff emotional distress including but not limited to embarrassment, humiliation, anger, anxiety, and fear.

## COUNT III

### DEFENDANT VIOLATED
### THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (RFDCPA), CAL. CIV. CODE § 1788 ET SEQ.

41. Plaintiff repeats, re-alleges and incorporates by reference each of the foregoing paragraphs, and each and every part thereof with the same force and effect as though set out at length herein.

**File By Fax**

42. The Rosenthal Fair Debt Collection Practices Acts (RFDCPA) was enacted by the California Legislature "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." *Cal. Civ. Code § 1788.1(b)*

43. Penalties provided for under RFDCPA "are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law." *Cal. Civ. Code § 1788.32*

44. RFDCPA, at *§ 1788.17*, holds that a violation of the FDCPA is also a violation of the RFDCPA.

45. Defendant violated *§ 1788.17* of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

WHEREFORE, Plaintiff, JANICE KRUSCHEN, requests that judgment be entered against Defendant, VITAL RECOVERY SERVICES, INC., for the following:

**Count I:**

1. Declaratory judgment that Defendant's conduct violated the Telephone Consumer Protection Act,
2. Statutory damages in an amount up to $500.00 *per violation*, pursuant to the Telephone Consumer Protection Act, *47 U.S.C. § 227(b)(B)(3)*,
3. Treble statutory damages pursuant to the Telephone Consumer Protection Act, *47 U.S.C. § 227(b)(B)(3)*, and
4. Any other relief as the court deems appropriate.

**Count II:**

5. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,
6. Statutory damages in an amount up to $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. § 1692k*,

7. Costs and reasonable attorney's fees as mandated by the Fair Debt Collection Practices Act, *15 U.S.C. § 1692k*, and

8. Any other relief as the court deems appropriate.

**Count III:**

9. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

10. Statutory damages in an amount up to $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(b)*,

11. Costs and reasonable attorney's fees as mandated by the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(c)*, and

12. Any other relief as the court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JANICE KRUSCHEN, respectfully demands a jury trial in this case.

Dated: February 9, 2013

RESPECTFULLY SUBMITTED,

By: _____
Eric D. Ridley
Attorney for Plaintiff, Janice Kruschen

**File By Fax**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

### STATE OF CALIFORNIA

Plaintiff, JANICE KRUSCHEN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I believe that all of the facts contained in the above entitled civil Complaint are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass and Defendant, cause unnecessary delay to and Defendant, or create needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JANICE KRUSCHEN, hereby declare under penalty of perjury that the foregoing is true and correct.

DATE: *February 7, 2013*

*Janice Kruschen*
JANICE KRUSCHEN

**File By Fax**

# EXHIBIT A

| StartTime | CallingNumber | CalledNumber | CallerID |
|---|---|---|---|
| 8/16/12 9:34 | 8662216738 | 8187079752 | TOLL FREE CALL |
| 8/17/12 10:17 | 8662216738 | 8187079752 | TOLL FREE CALL |
| 8/20/12 9:08 | 8662216738 | 8187079752 | TOLL FREE CALL |
| 8/21/12 9:06 | 8662216738 | 8187079752 | TOLL FREE CALL |
| 8/22/12 8:41 | 8662216738 | 8187079752 | TOLL FREE CALL |
| 8/23/12 8:43 | 8662216738 | 8187079752 | TOLL FREE CALL |
| 8/24/12 13:38 | 8662216738 | 8187079752 | TOLL FREE CALL |
| 8/27/12 9:39 | 8662216738 | 8187079752 | TOLL FREE CALL |

**File By Fax**