```
Jeanne L. Zimmer (SBN: 123321)
ZimmerJ@cmtlaw.com
Keith A. Yeomans (SBN: 245600)
YeomansK@cmtlaw.com
```
**CARLSON & MESSER LLP**
5959 West Century Blvd., Suite 1214
Los Angeles, California 90045
t: (310) 242-2200
f: (310) 242-2222

Attorneys for Defendant
Vital Recovery Services, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Janice Kruschen,<br><br>    Plaintiff,<br><br>vs.<br><br>Vital Recovery Services, Inc.,<br><br>    Defendant. | Case no. 2:13-cv-01808-JEM<br><br>**JOINT FRCP 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and Court Order dated April 25, 2013, Plaintiff Janice Kruschen and Defendant Vital Recovery Services, Inc. hereby submit this Joint Rule 26(f) Report.

### RULE 26(f) REPORT

1. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

No changes are necessary in the form or requirement for initial disclosures under Rule 26(a). The parties propose that initial disclosures be made within two weeks of the scheduling conference.

**2.  Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery should be limited to the claims and defenses set forth in the pleadings, including Plaintiff's allegations that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq.

**3.  Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

There are no known issues concerning the discovery of electronically stored information.

**4.  Issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order.**

Discovery of trial preparation materials is not expected although the parties reserve their right to object to the discovery of any such materials to the extent such information that is private, confidential, privileged or protected from disclosure by any constitutional, statutory, or common law privilege, protection, or limitation, including but not limited to attorney-client privilege and attorney work product privilege.

**5. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

There is no need to change any of the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rules although Defendants reserve their right to seek such relief from the Court as may become helpful, reasonable, or necessary to these proceedings.

**6. Other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Defendants propose that the Court issue an order in accordance with the dates and deadlines set forth below.

| | |
|---|---|
| Initial disclosures: | July 2, 2013 |
| Last day to amend pleadings or add parties: | July 2, 2013 |
| Expert disclosures: | January 26, 2014 |
| Non-expert discovery cutoff: | February 9, 2014 |
| Expert discovery cutoff: | March 9, 2014 |
| Motion cutoff: | April 6, 2014 |
| Final Pre-Trial Conference: | May 11, 2014 |
| Trial: | May 25, 2014 |

## ADDITIONAL ISSUES PER LOCAL RULE 26-1

**1. The complexity of the case, and whether all or part of the procedures of the Manual For Complex Litigation (current edition) should be utilized. Counsel may propose to the Court modifications of the procedures in the Manual to facilitate the management of a particular action.**

This case is not complex and the Manual for Complex Litigation is unnecessary for the resolution of the case nor are any modified procedures necessary at this time.

2. **The dispositive or partially dispositive motions which are likely to be made, and a cutoff date by which all such motions shall be made.**

It may be necessary to file a motion for judgment on the pleadings and/or a motions for summary judgment. All dispositive motions will be made prior to the motion cut off date.

3. **ADR Selection.**

The parties select Settlement Procedure no. 2 pursuant to Local Rule 16-15.4—appearance before a neutral selected from the Court's Mediation Panel.

4. **Trial Estimate.**

2-3 days.

5. **Additional Parties.**

The parties do not anticipate the appearance of additional parties.

6. **The proposed timing of disclosures under F.R.Civ.P. 26(a)(2).**

January 26, 2014

### ADDITIONAL ISSUES PER COURT ORDER DATED APRIL 25, 2013

1. **An appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date.**

| | |
|---|---|
| Non-expert discovery cutoff: | February 9, 2014 |
| Expert discovery cutoff: | March 9, 2014 |
| Motion cutoff: | April 6, 2014 |
| Final Pre-Trial Conference: | May 11, 2014 |
| Trial: | May 25, 2014 |

**2.  Whether discovery should be conducted in phases or otherwise ordered or limited.**

Discovery need not be conducted in phases or otherwise ordered or limited.

**3.  A preliminary estimate of the time required for trial.**

2-3 days.

**4.  Efforts made to settle or resolve the case to date, and the parties' views as to an appropriate plan for maximizing settlement prospects.**

The parties are discussing settlement and are optimistic that a settlement can be reached in this matter once the claims have been vetted.

**5.  Whether the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation.**

This case is not complex and the Manual for Complex Litigation is unnecessary for the resolution of the case nor are any modified procedures necessary at this time.

**6.  The likelihood of the appearance of additional parties.**

The parties do not anticipate the appearance of additional parties.

**7. What motions the parties are likely to make that may be dispositive or partially dispositive.**

It may be necessary to file a motion for judgment on the pleadings and/or a motions for summary judgment.

**8. Any unusual legal issues presented by the case.**

None.

**9. Proposals regarding severance, bifurcation or other ordering proof.**

None.

Dated: June 11, 2013            **Carlson & Messer LLP**

                                By:   /s/ Keith A. Yeomans
                                      Keith A. Yeomans
                                Attorneys for Defendant

Dated: June 11, 2013            **Law Offices of Eric Ridley**

                                By:   /s/ Eric Ridley
                                      Eric Ridley
                                Attorneys for Plaintiff